UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID KLUCKA,<br><br>      Plaintiff,<br>v.<br>SUSAN ATKINSON, et al.,<br><br>      Defendants. | Case No. 2:15-cv-02108-JAD-PAL<br><br>**ORDER**<br><br>(IFP App. – Dkt. #1) |

   This matter is before the Court on Plaintiff David Klucka's Application to Proceed *In Forma Pauperis* (Dkt. #1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.

   Mr. Klucka is a pretrial detainee in the custody of the Clark County Detention Center, and he proceeding in this action *pro se*. He has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400.00 filing fee.[1]  *See* Pl.'s Compl. (Dkt. #1-1); IFP App. (Dkt. #1). However, on at least three (3) occasions, this Court has dismissed civil actions that Mr. Klucka commenced while in detention as frivolous or for a failure to state a claim upon which any relief may be granted. *See Klucka v. Lippis*, Case No. 2:05-cv-01285-JCM-GWF (D. Nev. Nov. 29, 2006) (dismissing § 1983 claims against justice of the peace and deputy district attorney, who had absolute immunity from such claims); *Klucka v. Barker*, Case No. 2:15-cv-02162-JAD-NJK (D. Nev. Dec. 8, 2015) (dismissing § 1983 claims with prejudice against appointed counsel and investigator, who were not state actors); *Klucka v. Powell*, Case No. 2:15-cv-01609-RCJ-NJK

---

[1] Pursuant to the Court's Schedule of Fees dated January 1, 2015, the administrative fee of $50.00 does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. However, when the Court denies a plaintiff *in forma pauperis* status, the full $400.00 filing fee applies.

(D. Nev. Jan. 5, 2016) (dismissing § 1983 claims with prejudice against appointed counsel and investigator, who were not state actors); *Klucka v. Almase*, Case No. 2:15-cv-01658-RFB-PAL (D. Nev. Feb. 17, 2016) (dismissing § 1983 claims with prejudice against appointed counsel, who was not a state actor).[2] Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed IFP and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury."

In this case, Mr. Klucka alleges that Defendants acted as partners in a conspiracy, as agents of the police, to produce a doctored surveillance video. *See generally* Pl.'s Compl. (Dkt. #1-1). Although his Complaint names 31 Defendants in total, Klucka makes no specific allegations against any Defendants other than Powell and Logan. *See generally* Pl.'s Compl. (Dkt. #1-1) (naming Defendants Susan Atkinson, LaTrina Bulter, Irene Contreras, Mich Eddington, Stephanie Gherardin, Nathan Gilbert, Stacey Gonzalez, Bill Herndon, Joel Logan, Semyon Ostrovsky, Jonathan Powell, Randall Rego, James Rowe, Brian Swartwood, the D Casino, the Las Vegas Metropolitan Police Department, and John Does #1–#15). Mr. Klucka asserts that his appointed defense counsel, Defendant Jonathan Powell, "committed the crime of coercion" against him by refusing to show the original surveillance video at his preliminary hearing, withholding evidence from the court, and refusing to remove himself from Klucka's case, among other alleged misdeeds. *Id*. at 13–14. Mr. Klucka further alleges that Powell had his investigator, Defendant Joel Logan, show Klucka a doctored video. *Id*. at 14.

The Court finds that these allegations fail to plausibly allege that Mr. Klucka is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of

---

[2] The Court takes judicial notice of its prior records in the above matters.

filing).  Thus, to proceed in this case, Klucka will be required to pay the full $400 filing fee and submit an amended complaint by June 3, 2016.  The amended complaint must correct his failure to state a claim upon which relief may be granted.

First, Mr. Klucka may not bring a § 1983 action against Defendants Powell and Logan because they are not state actors.  Mr. Klucka has filed several complaints in the past making very similar, unmeritorious allegations, including a previous § 1983 action against Defendants Powell and Logan based on conduct that occurred in relation to Klucka's criminal proceeding. *See Klucka v. Powell*, Case No. 2:15-cv-01609-RCJ-NJK.  In that case, District Judge Robert C. Jones adopted the Report and Recommendation (Dkt. #10) by Magistrate Judge Nancy J. Koppe, which recommended dismissal with prejudice because neither Defendants Powell nor Logan are state actors.  *See id.* (citing *Polk County v. Dodson*, 454 U.S. 312, 318–19 & n.7 (1981) ("It is well established that attorneys, whether retained or appointed, do not act 'under color of state law' in representing a plaintiff in a criminal proceeding.").  Here, Mr. Klucka is also alleging that Defendants Powell and Logan violated his rights based on conduct that occurred in relation to Klucka's criminal proceeding.  *See* Pl.'s Compl. (Dkt. #1-1).  The case law clearly demonstrates that Mr. Klucka may not bring a § 1983 action against Defendants Powell and Logan.  Thus, the allegations against Powell and Logan fail to state a claim upon which relief may be granted.

Second, the remainder of the Complaint fails to state a valid claim based on the absence of specific allegations against 29 of the 31 Defendants.  As the Ninth Circuit opined in *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012), a plaintiff must plead that each defendant, through their "own individual actions, has violated the Constitution" to establish liability under 42 U.S.C. § 1983.  *Id.* at 941.  The absence of specific allegations is significant because a plaintiff must allege sufficient facts to "plausibly establish" the defendants' "'knowledge of'" and "'acquiescence in'" the unconstitutional conduct.  *Id.* (citing *Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2012)).  Therefore, the allegations against the remaining Defendants fail to state a plausible claim.

If Mr. Klucka chooses to file an amended complaint, he must do so by June 3, 2016.  He is advised to support each of his claims with factual allegations, because all complaints "must

3

1  contain sufficient allegations of underlying facts to give fair notice and to enable the opposing
2  party to defend itself effectively." *Starr*, 652 F.3d at 1216.  Mr. Klucka should specifically
3  identify each Defendant to the best of his ability, clarify what constitutional right he believes
4  each Defendant has violated and support each claim with factual allegations about each
5  Defendant's actions.  The amended complaint should set forth his claims in short and plain
6  terms, simply, concisely and directly.  *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514
7  (2002); Fed. R. Civ. Pro. 8.

8  Mr. Klucka is also informed that the Court cannot refer to a prior pleading (*i.e.*, the
9  original complaint) in order to make the amended complaint complete.  Local Rule 15-1 requires
10 that an amended complaint be complete in itself without reference to any prior pleading.  *See* D.
11 Nev. LR 15-1(a) (amended May 1, 2016).  This is because, as a general rule, an amended
12 complaint supersedes the original complaint.  *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002,
13 1008 (9th Cir. 2015); *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v.*
14 *Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), and explaining, "when a plaintiff files an amended
15 complaint, 'the amended complaint supercedes the original, the latter being treated thereafter as
16 non-existent' ").  Once a plaintiff files an amended complaint, the original pleading no longer
17 serves any function in the case.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).
18 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
19 of each defendant must be sufficiently alleged.

20 For the foregoing reasons,
21 **IT IS ORDERED**:
22 1. Plaintiff David Klucka's Application to Proceed *In Forma Pauperis* (Dkt. #1) is
23    DENIED.  To proceed in this case, Mr. Klucka is required to pay the $400 filing fee
24    before **June 3, 2016**.
25 2. The Clerk of the Court SHALL FILE the Complaint (Dkt. #1), but SHALL NOT
26    issue summons.
27
28

3. The Complaint is DISMISSED with leave to amend for a failure to state a claim upon which relief can be granted. Mr. Klucka shall have until **June 3, 2016,** to file an amended complaint if he believes he can correct the noted deficiencies.

4. The Clerk of the Court shall mail Mr. Klucka one blank form complaint for § 1983 civil rights actions along with the instructions for completing the form, one copy of the original Complaint, and one copy of this Order.

5. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Mr. Klucka shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on the first page in the caption, and Klucka shall place the case number, 2:15-cv-02108-JAD-PAL, in the space for "Case No."

7. Mr. Klucka's failure to comply with this Order by: (a) paying the $400 filing fee, ***and*** (b) filing an amended complaint before the **June 3, 2016** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 4th day of May, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE